LORETTA E. AUGUSTINE, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF LEO C. AUGUSTINE, JR., PLAINTIFF-RESPONDENT, v. CHRISTIAN F. HAAS, JR., DEFENDANT-APPELLANT.

Submitted May 27, 1938—Decided September 16, 1938.

For the appellant, *Samuel P. Orlando.*

For the respondent, *Vincent L. Gallaher.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal of the defendant's from a judgment of the Supreme Court, which affirmed a judgment entered in favor of the plaintiff on a jury's verdict in the Camden County Court of Common Pleas.

It is alleged that on the night of October 20th, 1935, the plaintiff's intestate, Leo C. Augustine, Jr., together with one Jean Edwards and the defendant, Christian F. Haas, Jr., were riding in an automobile owned and operated by the defendant. As the car was turning from what is known as the Chatsworth road into the Hammonton-New Gretna road, in Burlington county, it skidded and collided with a tree, and as a result, the decedent, Augustine, received injuries which caused his death.

The sole ground upon which the appellant seeks a reversal of the judgment below is that the trial judge erred in submitting to the jury the question of whether the decedent was defendant's invitee or a licensee. The defendant argues, in substance, that the plaintiff failed to prove the decedent entered the car as an invitee, and that the proof clearly indicates the decedent was a licensee, and that being so, the defendant breached no duty which he assumed after he permitted the decedent to ride in his car.

There was evidence to show that all of the parties occupying the car at the time of the accident had been attending an outing of the Rod and Gun Club, at Chatsworth, and that about seven o'clock in the evening one Caroline L. Gallagher, who was also present at the affair, approached the defendant and inquired if he would permit the decedent, who was not present at the time, to ride in his car as he had no other means of transportation. The defendant consented, and Mrs. Gallagher then went to a cabin where the decedent was, and informed him of what she had done. The decedent came out and walked toward where the defendant and his car were stationed, and as he did so, was invited by the defendant to get into the car. The defendant, when testifying, admitted that he said to the decedent, "come on in. I will take you up."

In an action for injuries the question whether the injured party was an invitee or a licensee is one for the jury, unless from the facts only one inference can be drawn, in which case the question is for the court.

In view of the proof as presented by the record we think the trial court properly permitted the jury to determine whether the defendant invited the decedent or merely acquiesced to his presence in the car.

Judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—None.